# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AMIR MAJIKE BEY,** | : | |
| Plaintiff, | : | CIVIL ACTION NO. 4:10-2290 |
| v. | : | (CONNER, D.J.) |
| | | (MANNION, M.J.) |
| **COMMONWEALTH OF PENNSYLVANIA, COUNTY OF UNION, 17TH DISTRICT EX REL PETER JOHNSON, District Attorney,** | : : : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION[1]

On November 4, 2010, plaintiff Amir Majike Bey, proceeding *pro se*, filed this civil rights action against defendants Commonwealth of Pennsylvania, County of Union, and "17th District Ex Rel Peter Johnson, District Attorney." (Doc. No. 1).

On November 4, 2010, the plaintiff also filed a motion to proceed *in forma pauperis.* (Doc. No. 2). Upon reviewing that motion, the court has granted the plaintiff's motion to proceed *in forma pauperis*.

As the plaintiff is proceeding *in forma pauperis*, the court accordingly is

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited herein have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

giving the complaint preliminary consideration pursuant to 28 U.S.C. §1915(e)(2)(B).[2] In giving the plaintiff's complaint preliminary consideration pursuant to 28 U.S.C. §1915(e)(2)(B), the court will recommend that the complaint be dismissed.

**DISCUSSION**

Plaintiff Bey was arrested and later charged with resisting arrest, providing false identification to law enforcement authorities, and disorderly conduct. Due to these charges, the plaintiff alleges that there are ongoing criminal court proceedings in the Union County Court of Common Pleas. Specifically, the plaintiff takes issue with these proceedings because the "Commonwealth of Pennsylvania County of Union 17th District has yet to produce documented proof of jurisdiction or an indictment which are both required by law." (Doc. No. 1 at ¶6). As such, the plaintiff seeks that this court enter a judgment that

" the Commonwealth of Pennsylvania County of Union 17th District

---

[2] Section 1915(e)(2)(B) mandates that a district court dismiss a case by a plaintiff proceeding *in forma pauperis* "if the court determines that . . . the action or appeal (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

2

> does not have jurisdiction in a certain action entitled 'Commonwealth of Pennsylvania, Plaintiff, v. Amir Majike Bey (ex rel: Amir M. Deas), Defendant'. . .Docket [N]o: CP-60-CR-0000274-2010 and should dismiss the action . . ."

(Doc. No. 1 at 2). The plaintiff also seeks monetary relief. (Doc. No. 4).

A review of the docket in plaintiff's state criminal case reveals that this matter is still pending in the Union County Court of Common Pleas. Consequently, as will be discussed below, it appears that the doctrine of abstention applies, and therefore the court recommends that the complaint be dismissed.

In *Younger v. Harris*, 401 U.S. 37, 41 (1971), the Supreme Court held in the criminal context that a federal court should exercise its discretion to abstain from interfering with a pending state criminal proceeding. The basis of the holding was, in part, a recognition of the importance of "'comity,' that is, a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Id.* at 44. The Supreme Court found that federal courts must be sensitive to "the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may

be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States." *Id.*

The Supreme Court later extended the *Younger* doctrine to civil proceedings. *See Ankenbrandt v. Richards*, 504 U.S. 689, 705 (1992) (citing *Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1 (1987); *Ohio Civil Rights Comm'n v. Dayton Christian Schs., Inc.*, 477 U.S. 619 (1986); *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982)). But the Supreme Court warned that "'[a]bstention from the exercise of federal jurisdiction is the exception, not the rule' [and] rarely should be invoked, because the federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'" *Id.* at 705 (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976) (omission in original)).

The Third Circuit has identified three requirements to abstain under *Younger*. *Addiction Specialists, Inc. v. Township of Hampton*, 411 F.3d 399, 408 (3d Cir. 2005) (citing *Gwynedd Props., Inc. v. Lower Gwynedd Township*, 970 F.2d 1195, 1200 (3d Cir. 1992)). First, there must be an ongoing state judicial proceeding. *Id.* Second, the federal claim would interfere with a state proceeding that "implicate[s] important state interests." *Id.* An indicator of

4

whether state interests are implicated is whether the proceeding challenges an official's actions or a state's policies or laws; a challenge to an official's actions that infringe upon a party's constitutional rights likely does not implicate important state interests. *See* [id. at 409-10](#) ("[A] federal claim challenging the discriminatory <u>actions</u> of township officials in making land use decisions–as opposed to a claim challenging the validity of the state's land use <u>policies and laws</u>–did not implicate important state interests for *Younger* abstention purposes.")(citing [Gwynedd Props., 970 F.2d at 1202-03](#)) (emphasis in original). Nonetheless, "even if the federal claims at issue do not themselves implicate important state interests, 'certain aspects of [the] requested relief' may potentially interfere with the state proceeding" and warrant discretionary abstention. [Id. at 410](#) (quoting [Gwynedd Props., 970 F.2d at 1204 n.13](#)) (bracketed material in original). Finally, the state proceedings must "afford an adequate opportunity to raise the federal claims." [Id. at 408](#). "[A]bstention would still be inappropriate if the precise claims raised to the federal court could not be litigated in the relevant ongoing state proceeding." [Id. at 411](#) (citing [Heritage Farms, Inc. v. Solebury Township, 671 F.2d 743 (3d Cir.1982)](#)).

Despite the existence of these three requirements, abstention is still

5

inappropriate if the ongoing state proceedings are undertaken in bad faith or to harass the plaintiff, or some extraordinary circumstance would prevent a significant and immediate potential for irreparable harm to the asserted federal interest by deferring to the state courts. *See Anthony v. Council*, 316 F.3d 412, 418 (3d Cir. 2003).

Here it appears that all three requirements for abstention are met, and that plaintiff has not shown bad faith, harassment, or any extraordinary circumstance that calls for federal court intervention. First, the ongoing criminal prosecution before the Union County Court of Common Pleas is judicial in nature. Second, the criminal prosecution for violating state criminal laws is an important state interest. Third, the court finds that plaintiff may raise any constitutional challenges to the legality of his arrest and the resulting prosecution in the state proceedings.

Moreover, as the plaintiff may avail himself of state court procedure by seeking relief in the Court of Common Pleas, the court finds that there is no extraordinary circumstance warranting federal court intervention.

> "Because there is relief available at the state court level, there is an absence of extraordinary circumstances that would warrant our intervention on this issue. . . . Indeed, "[i]n no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings." *Evans v. Court of Common Pleas*, 959

F.2d 1227, 1234 (3d Cir. 1992).

*Rowe v. Pennsylvania*, No. 10-2456, 2010 U.S. Dist. LEXIS 131420, at *6-7 (M.D. Pa. Dec. 13, 2010).

Therefore, it is recommended that the court abstain from enjoining or interfering with the pending state court criminal proceedings, and that the plaintiff's complaint be dismissed.[3]

**CONCLUSION**

On the basis of the foregoing, **IT IS RECOMMENDED THAT:**

**(1)** the plaintiff's complaint, (Doc. No. 1), be **DISMISSED,** and

**(2)** the plaintiff's request for pretrial discovery, (Doc. No. 1-3), be **DENIED** as moot.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date:** January 4, 2011
O:\shared\REPORTS\2010 Reports\10-2290-01.wpd

---

[3] The court notes that an additional reason for dismissing the complaint is that plaintiff's claims are not ripe. *See LeBlanc v. County of Lancaster,* No. 09-1685, 2009 U.S. Dist. LEXIS 98220, at *11 (E.D. Pa. Oct. 21, 2009) (finding the plaintiff's false arrest and malicious prosecution claims were not ripe because these claims were dependent on the outcome of the state court proceeding).

7